IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY,<br><br>Plaintiffs,<br><br>v.<br><br>CARTER'S EXCAVATING & GRADING COMPANY and WILLIE H. CARTER, doing business as CARTER'S EXCAVATING & GRADING COMPANY,<br><br>Defendants. | Case No. 07 C 6636<br><br>Judge Andersen |

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs, Laborers' Pension and Welfare Funds ("Funds"), by their attorneys, hereby move pursuant to Rule 15, F.R.Civ.P., to amend the Complaint adding the Laborers' Local No. One ("Local 1"), a member of the Laborers' District Council of Chicago and Vicinity, as a party and their claim against defendant, Carter's Excavating & Grading Company and Willie H. Carter (collectively referred to as defendants). Local 1 seeks to collect unpaid wages owed to Union employees pursuant to the Labor Management Relations Act, 29 U.S.C. § 185. In support of this motion, plaintiffs state as follows:

1. Plaintiffs filed this cause under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, ("ERISA"), as amended, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, alleging that defendants failed to pay contributions consistent with the collective bargaining agreement with the Construction and General Laborers' District Council of Chicago and Vicinity ("Union"), signed October 30, 2006.

2. Local 1's claim arises under the LMRA. Local 1's auditors performed an audit of the Company's books and records and determined that several laborers did not receive proper hourly wages. This matter is closely connected to the Funds' claim that contributions were not properly paid to the Funds on behalf of employees who performed laborers work. In addition, plaintiffs are moving to amend their claim and add the Union as a party at the beginning of discovery in this matter. Defendants filed their response to the complaint on January 30, 2008 and plaintiffs intend to amend their Rule 26(a) disclosures to defendants immediately.

3. Federal Rule of Civil Procedure, Rule 15(a) provides that after the answer has been filed a party may amend the complaint only by leave of court and leave "shall be freely given when justice so requires." The requirement of the rule granting leave "freely" is required to be heeded. *Froman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962). "In absence of an apparent reason to refuse leave to amend–such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of an amendment, etc.–'the leave sought should as the rules require be freely given."*Eades v. Thompson* 823 F. 2d 1055, 1063 (7th Cir. 1987) (citations omitted).

Wherefore, plaintiffs request that this Court amend the complaint, instanter, adding Local 1 as a plaintiff and the claim described above. A copy of a First Amended Complaint is attached hereto.

Respectfully submitted,

  /s/ Karen I. Engelhardt
One of Plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400
March 12, 2008